*DeConcini McDonald Yetwin & Lacy, P.C.*
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com

Attorneys for Alaska Airlines, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| WYNETTA TAYLOR,<br><br>     Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, INC.,<br><br>     Defendant. | NO.<br><br>**NOTICE OF REMOVAL**<br><br>FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION – 28 U.S.C. §§ 1331, 1332(a) |

  TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA AND TO PLAINTIFF:

  PLEASE TAKE NOTICE that Defendant Alaska Airlines, Inc. ("Alaska"), by undersigned counsel, hereby files this Notice of Removal to effect the removal of the above-entitled action pending in the Superior Court of Arizona, Maricopa County, Cause No. CV2022-050643, to the United States District Court for the District of Arizona, asserting original federal jurisdiction under 28 U.S.C. §1331, diversity jurisdiction under 28 U.S.C. § 1332(a), and removal pursuant to 28 U.S.C. §§1441 and 1446. This Notice of Removal is supported by the following:

<u>**BACKGROUND**</u>

  1. Plaintiff Wynetta Taylor ("Plaintiff") filed her Complaint in Arizona Superior Court, Maricopa County, on March 1, 2022.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

2.    Plaintiff served a Summons and copy of the Complaint on Alaska on May 17, 2022.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b) as it is filed within thirty days after Alaska's receipt of a copy of Plaintiff's initial pleading setting forth the claims or relief upon which this action is based.

3.    Although Plaintiff's Complaint does not identify specific causes of action, it alleges that Alaska violated Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 47 U.S. Code 223 and A.R.S. 13-2921. *See* Ex. A at p. 3, ¶¶ 1-6.

## DIVERSITY JURISDICTION

4.    This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

5.    Plaintiff is a citizen and resident of the State of Arizona.  *See* Exh. A at p. 1.

6.    To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id*. at 92.

7.    Alaska's principal place of business is in Washington, which is where Alaska's corporate headquarters and executive offices are located and where its high-level officers direct, control, and coordinate its activities. *See Pratt v. Alaska Airlines, Inc.*, Case No. 2:21-CV-84-DWC (Dist. Court. WD Washington 2021) (stating that Alaska Airlines is a resident of Washington).  Thus, for purposes of diversity of citizenship, Alaska is a citizen of Washington and not a citizen of Arizona.

8.    Although Alaska denies that Plaintiff is entitled to any relief whatsoever, the Complaint alleges the damages amount in controversy is at least $300,000. *See* Ex. A at p. 2)

9.    Since diversity of citizenship exists between the Plaintiff and Alaska and the matter in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## **FEDERAL QUESTION JURISDICTION**

10.    United States District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. To determine whether the action arises under federal law, courts apply the "well-pleaded complaint rule." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). Under this rule, claims arise under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

11.    Plaintiff's Complaint also asserts a violation of state law, A.R.S. 13-2921. This Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a), and this entire case may be removed to this Court pursuant to 28 U.S.C. §1441(c).

12.    The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Alaska's factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

13.     This Notice of Removal will be promptly served on Plaintiff by e-mail and first-class mail and has been contemporaneously filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County, as required by 28 U.S.C. § 1446(d).

14.     In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto as Exhibit A. They are: (1) Summons and Complaint.  Also attached as Exhibit B is a copy of the Notification of Removal of this matter filed with the Arizona Superior Court, Maricopa County.

15.     In compliance with Local Rule 3.6, attached are the following requisite documents: Superior Court of Maricopa County Docket, Exhibit C; Civil Coversheet and Supplemental Cover Sheet, Exhibit D; Remainder of the State Court record, including the undersigned's Notice of Appearance, Exhibit E; and Verification, Exhibit F.  No answers or motions have been filed in state court and no orders have been issued terminating or dismissing parties.

WHEREFORE, Defendants request that this civil action be removed from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona.

DATED this 6th day of June, 2022.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By:  */s/ Lisa Anne Smith*
      Lisa Anne Smith
      2525 E. Broadway Blvd., Suite 200
      Tucson, AZ 85716-5300
      Attorneys for Defendant Alaska Airlines, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.  Further, I transmitted a copy of this Notice of Removal with attachments to Plaintiff via electronic mail and First-Class Mail:

Wynetta Taylor
Pro Se Plaintiff
3717 W. Blackhawk Drive
Glendale, Arizona 85308
(951) 477-7424
no1sabovethelaw@gmail.com


*/s/ __Linda Vaubel_____*

*Taylor v. Alaska Airline, Inc.*
Case No.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300